BILLY PERRY, JR. AND MARY S. PERRY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Perry v. Commissioner
Docket No. 5034-93
United States Tax Court
T.C. Memo 1994-215; 1994 Tax Ct. Memo LEXIS 213; 67 T.C.M. (CCH) 2966; May 16, 1994, Filed *213 Decision will be entered under Rule 155. For petitioners: James L. Kissire. For respondent: Robert M. Morrison. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioners' Federal income taxes for taxable year 1990 in the amount of $ 5,781. The sole issue remaining for decision is whether petitioner Billy Perry, Jr. (petitioner) is liable for self-employment tax under section 1401 on his net income from oil and gas working interests. [2]
*214 Some of the facts have been stipulated and are so found. Petitioners filed a joint Federal income tax return for the taxable year 1990. They resided at Cedar Hill, Texas, when their petition was filed. Petitioner owned the following working interests in oil and gas wells during taxable year 1990: A. Kountz and Stewart wells; Wharton/Jackson Counties, Texas; division order working interest of .06156250. B. Exxon Section Fee #1 wells; Tyler County, Texas; division order working interest of .042500. C. AE Murray wells; Houston County, Texas; division order working interest of .0184180. D. Josey A-1 wells; Harris County, Texas; division order working interest of .0493334. E. Bussard #1-191 wells; Lipscomb County, Texas; division order working interest of .02343750. F. Albert Fay wells; Jefferson Davis Parish, Louisiana; division order working interest of .0625.
Petitioner earned $ 47,550 in net profits from these oil and gas working interests during 1990, which he reported on Schedule C, Profit or Loss From Business, attached to petitioners' 1990 Federal income tax return. Petitioner did not pay self-employment tax on the net profit from oil and gas *215 working interests. Petitioner's working interest in each of the wells, except the Albert Fay wells in Louisiana, is subject to the provisions of standard form operating agreements, [3] each of which sets forth the rights and obligations of the working interest owners and the well operator. Operation of the Albert Fay wells is similar to that of the other wells. The working interest holders own oil and gas produced by the wells and equipment and materials acquired in operation of the wells in proportion to their respective percentage interests. Petitioner, as a working interest owner, is responsible for his proportionate share of costs and expenses of operation. Expenditures in excess of $ 10,000, except in emergencies, require preapproval of the working interest owners. Petitioner has no special knowledge or experience in the oil industry, and purchased his working *216 interests on the advice of his sister, who had been involved in the oil business for many years. Day to day operation of the wells is conducted by the respective well operators, and petitioner's involvement in the operation is not extensive. He spends approximately 30 to 45 minutes each month reviewing income and expense statements and depositing checks received. When requested by the operator, petitioner has approved operation expenditures and approved the release of mineral rights on one of the leases. Petitioner is not acquainted with the other individual working interest owners, and has had no contact with other owners, except well operators. Respondent determined that petitioner's net profits from his oil and gas working interests are subject to self-employment tax as income from a trade or business carried on by a partnership, or joint venture taxable as a partnership, or through an agent. Petitioner contends that he was not engaged in a trade or business, and was not a partner in a partnership. Petitioner argues that his minority working interests were merely investments, and that his activity in connection with them does not rise to the level of a trade or business. *217 Petitioner bears the burden of proving respondent's determination is erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Section 1401(a) imposes a tax on the self-employment income of every individual. "Net earnings from self-employment" is generally defined as the gross income derived by an individual from any trade or business carried on by the individual, less allowed deductions attributable to such trade or business, plus his distributable share of income or loss from any trade or business carried on by a partnership of which he is a member. Sec. 1402(a). Section 7701(a)(2) provides: The term "partnership" includes a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust or estate or a corporation; and the term "partner" includes a member in such a syndicate, group, pool, joint venture, or organization.
Thus, for Federal tax purposes, the term "partnership" is not limited to the common law meaning of partnership, but is broader in its scope and includes *218 groups not commonly called partnerships. Secs. 301.7701-1(c), 301.7701-3(a), Proced. & Admin. Regs. In support of his contention that his working interests did not constitute a trade or business, petitioner cites Hendrickson v. Commissioner, T.C. Memo. 1987-566. He emphasizes his lack of active involvement in the operation of the wells, his lack of knowledge and experience in the oil industry, and the fact that his working interests were small, minority interests in each well. We agree that the record supports petitioner's contention that his personal involvement in the day to day operation of the wells was minimal. However, a taxpayer who is not personally active in the management or operation of a trade or business may be subject to self-employment taxes if the trade or business is carried out on his behalf through his agents or employees, or constitutes his distributive share of income from a partnership in which he was a member. Sec. 1401(a); Cokes v. Commissioner, 91 T.C. 222 (1988); Moorhead v. Commissioner, T.C. Memo. 1993-314; Johnson v. Commissioner, T.C. Memo. 1990-461; *219 secs. 1.1402(a)-2(b), 1.1402(c)-1, Income Tax Regs.
Petitioner's personal involvement in the operation of the wells is not the critical question where, as in this instance, respondent has determined that the income was derived from an entity taxable as a partnership. The cases cited by petitioner, including Hendrickson, supra, do not address the partnership issue. In Cokes v. Commissioner, supra at 235 n.16, where similar arguments were made by the taxpayer, we noted: In Hendrickson v. Commissioner, T.C. Memo. 1987-566, we relied on DiPortanova v. United States, 231 Ct. Cl. 623, 690 F.2d 169 (1982). As in DiPortanova, it does not appear that the partnership question was dealt with in Hendrickson. Accordingly, Hendrickson is of no assistance to petitioner on the partnership issue which is the critical question in the instant case. * * *
Petitioner's attempt to distinguish the Cokes case on the ground that the taxpayer in Cokes owned a 42.29-percent working interest, while none of petitioner's working interests exceeds 6.25 percent *220 of the total working interest of the well, is unpersuasive. Here, as in the Cokes case, "The question before us is whether petitioner was a member of a partnership or of a joint venture treated as a partnership, and petitioner's lack of control does not affect that question." Cokes v. Commissioner, supra at 233. On this record, we conclude that the working interest owners and well operators created a pool or joint venture for operation of the wells. Accordingly, petitioner's income from the working interests was income from a partnership of which he was a member, under the broad definition of "partnership" found in section 7701(a)(2). Cokes v. Commissioner, supra at 232 (1988); Bentex Oil Corp. v. Commissioner, 20 T.C. 565 (1953). Therefore, petitioner is liable for self-employment tax on the net interest received from his working interests. Cokes v. Commissioner, supra at 222; Moorhead v. Commissioner, T.C. Memo. 1993-314; Johnson v. Commissioner, T.C. Memo. 1990-461. Finally, *221 petitioner argues in his reply brief that if he is considered to be a partner in a partnership, he should be considered to be a limited partner due to the nature of his interest. A limited partner's share of partnership interest is not subject to self-employment tax. Sec. 1402(a)(13). The evidence does not support petitioner's contention that he is a limited partner. State law requires that certain formalities be observed to create a limited partnership (partnership in commendam in Louisiana). Tex. Rev. Civ. Stat. Ann. art. 6132a-1 (West Supp. 1994); La. Civ. Code Ann. arts. 2836-2848 (West Supp. 1994); Johnson v. Commissioner, supra.There is no evidence of such formalities having been observed by the owners of interests in the wells. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The parties have stipulated that petitioners are allowed a deduction in an amount equal to one-half of the taxes imposed by sec. 1401↩ for taxable year 1990, pursuant to the provisions of sec. 164(f).
3. The standard form agreements are the American Association of Petroleum Landmen (A.A.P.L.) Form 610, Model Form Operating Agreement, Non-Federal Lands.↩